## MILLER & AL vs· MERCIER & AL.

APPEAL from the court of the first district.

East'n. District.
Jan'y. 1825.

MILLER & AL.
vs.
MERCIER & AL

PORTER, J. delivered the opinion of the court. The petitioners state that the defendants are indebted to them in the sum of $400 dollars for timber and other materials furnished and delivered to them for building and constructing a cotton press, during the months of May, August, September, October, and November, 1821, and they pray they may have payment for this sum, that the debt may be deemed to be privileged, and that the press for which the materials were furnished, be sold to satisfy the judgment.

The defendants plead:

1. That the materials, if ever furnished, were sold to Jacob Hart, the former owner of the press.

2. That the plaintiffs cannot seize and sell the property in their hands, until judgment is obtained against the principal debtor.

3. That the privilege is extinguished by prescription.

4. That all the averments in the petition are untrue, and that the sum therein claimed has been paid by Hart.

When the principal debtor has failed, it is not necessary to obtain judgment against him, in order to pursue mortgaged property in the hands of a third possessor.

Where the lien results from an act done, and not from a contract reduced to writing, it need not be recorded.

A decision on any point connected with the merits, authorises an examination of the whole case in the supreme court.

3ns229
48 1234
3NS 229
115 916

East'n. District.
*Jan'y.* 1825.

Miller & al.
*vs.*
Mercier & al

The evidence taken in the cause as to whom the materials were sold, and as to the time of delivery, is very unsatisfactory, and leaves it quite uncertain whether they were purchased by Hart, or the defendants. As the burthen of proof as to this fact lay on the plaintiffs, and they have failed to establish it, we must consider the property sold to the vendor of defendants, and proceed to examine whether the petitioners have made out their right to seize and sell it in the hands of the third possessors.

Before doing so we must notice an objection of the plaintiffs, that the plea of payment must be taken as an admission of the other facts alleged in the petition. This position does not appear to the court well founded. It is true we have decided that parties cannot plead inconsistently; and that when the debt was denied, and there was joined to this denial, an avowal that it was paid, we would disregard the former. But the allegation that Hart purchased the property, and made payment, may well stand with the denial, that the defendants did not buy it.

It is objected that the plaintiffs cannot seize and sell the property in the hands of the third

possessor, without obtaining judgment against the principal debtor, The general rule is as contended for, it is expressly established by the code; and the court has more than once recognized and acted on it. The petitioners, however, contend this case necessarily presents an exception to the rule, because the debtor has become insolvent.

In the case of *Bernard* vs. *Vignaud*, where the doctrine in relation to actions on mortgages came under the consideration of the court, it was said that when tacit liens were sought to be enforced, one of the provisions of the code must necessarily be dispensed with; namely: that which requires the mortgagee to produce the act of mortgage, together with a judgment; because these liens, resulting from the provisions of the law, it was impossible that any act of this kind could be produced. In that case the court was compelled either to say that privileges of that kind could not be enforced at all on the property, in the hands of third persons, or to dispense with that rule, which requires the production of a written instrument to establish it. The provisions of the code were equally clear on both points—that all mortgages should be inforced on the property

MILLER & AL.
*vs.*
MERCIER & AL

found with the third possessor; and that in all cases when that was attempted, the act of mortgage should be produced. Finding it impossible to give effect to both, we held that tacit liens formed an exception to the general rule.

It is believed by the court that the case now under consideration cannot, on principle, be distinguished from that just alluded to. There can be no doubt but the plaintiff has a lien on this property. The defendants however say that it cannot be inforced until judgment is previously obtained against the principal debtor.— To this the plaintiff replies, that the purchaser has become insolvent, and that the law will not permit judgment to be obtained against him in the ordinary way. That all that could be done, has been done in the present instance. Namely, to have the debt recognised at a meeting of the creditors; which recognition makes a part of the *juicio de concurso*, and is the only species of judgment that the law contemplates against persons standing in the situation of the original debtor. In this reasoning we concur, and think that the case, as necesarily offers an exception to the general rule of producing a judgment, as the tacit lien does to

presenting an act of mortgage, and this opi-
nion is in conformity with the declaration of
the court on this subject, several years since,
in the case of *Mouchon* vs. *Delor*, 5 *Martin*,
401. *Curia Philip. lib.* 2, *cap.* 3, *no.* 33. *Febrero*,
*p.* 2, *lib.* 3, *cap.* 3, *no.* 102.

East'n. District,
*Jan'y.* 1825.

MILLER & AL.
*vs.*
MERCIER & AL

There remain however two objections of
the appellees to notice,

The first is that the lien has not been re-
corded, in pursuance of the provisions of the
act of 1813.

On this point, we refer to the construction
put on this statute, in the case of *Lafon* vs.
*Sadler*, a construction that we have since had
more than one occasion to re-consider, and to
which we have uniformly felt it our duty to ad-
here. It was there held, that tacit liens, result-
ing from acts done, and not from contracts re-
duced to writing, were not embraced by the
provision of the law, because among other
reasons it was impossible such acts could be
recorded. The legislature, by the statute pas-
sed in 1817, adopted the principle, and provi-
ded, that " all architects, undertakers, and
other workmen," should make their contracts
in writing, in order that they should be re-
corded.

MILLER & AL.
*vs.*
MERCIER & AL

The lien claimed here is not enumerated a-mong these which it was deemed necessary to thus provide for. Whether the silence, as to these privileges proceeded from omission, or from a conviction that, not being of so frequent occurrence, there was not the same reason of guarding against them, it is *not important* for us to enquire. Our duty is confined to acting on the law, as it is given to us. 4 *Martin,* 479. 11; *ibid*, 280 & 237.

We have been pressed to remand the case for a new trial, because the court below, after hearing all the testimony offered, decided that the defendant, if liable at all, could not be sued until judgment was had against the principal debtor; and in support of this demand we have been referred to a late decision of this tribunal, where it was held that if the judge *a quo* decided that he had not jurisdiction to enquire into the merits, we could not go into them on the appeal; because that appeal was in fact taken from his refusing to investigate the case on its merits, not from any error he committed after investigation. It appears to us this is a very different case. There was an examination of the case here on its merits, and it has been the uniform practice of the court, that when this takes

place, no matter on what point the case is decided; whether on any of the exceptions which makes a part of the defence, or by a final judgment in favor of either party, such decision brings the whole case before us—we cannot distinguish between this plea and that of *res judicata*, simulation, payment, prescription, transaction, see *Febrero, p.* 2, *lib.* 3, *cap.* 1 § 4, *nos.* 208 & 209. *Curia Philip. p.* 1, *Citation, nos.* 4 & 5.

It is therefore ordered, adjudged and de creed, that the judgment of the district court be annulled avoided and reversed, and it is further ordered, adjudged and decreed, that on failure of the defendant to pay the plaintiffs the sum of $400, with interest from the judicial demand and costs of suit, in ten days from the notice of the judgment, the mortgaged premises mentioned in the petition be seized and sold to satisfy the said sum of $400, with interests and costs, as affirmed.

*Lockett* for the plaintiffs, *Derbigny* for the defendants.